UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERRI MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:23-CV-66-KAC-DCP |
| | ) |
| SYNEOS HEALTH, LLC | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING ACTION

On June 21, 2023, the Parties filed a "Report of Mediation" indicating that "the case settle[d]" in mediation [Doc. 16]. On June 22, 2023, pursuant to Local Rule 68.1, the Court ordered the Parties to "file an agreed stipulation under Fed. R. Civ. P. 41(a)(1)(A)(ii) or submit an agreed order of dismissal under E.D. Tenn. ECF Rule 4.8 by July 20, 2023" [Doc. 17] (emphasis added)]. At the Parties' request, the Court thereafter extended the time for the Parties to file a stipulation or agreed order to **July 30, 2023** [See Docs. 18, 19]. And the Court explicitly warned that if the Parties failed to timely comply with its Order, the Court "will dismiss this action based on the Parties' representations to the Court that the matter has settled" [*Id.*]. The Parties have failed to timely comply with the Court's Order.

Local Rule 68.1 provides that "[i]f the parties fail to comply with this rule, the Court may, in its discretion, enter an order dismissing the action." E.D. Tenn. L.R. 68.1 Federal Rule of Civil Procedures 41(b) also permits the Court to dismiss an action "[i]f the plaintiff fails to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012). This Court has an obligation to ensure that cases do not languish on its docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) "is available to the district court as a

tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, it is appropriate to dismiss this action under Local Rule 68.1 and Rule 41(b). The Parties have willfully failed to comply with the Court's Order issued under Local Rule 68.1. The Court expressly warned that a failure to timely comply would result in dismissal of the action, consistent with the Parties' representations that the action has settled. Given that this action has settled and the Parties have failed to comply with the Court's Order, there is no known or just reason for the action to remain on the Court's docket. Accordingly, the Court **DISMISSES** this action with prejudice under Local Rule 68.1 and Rule 41(b). An appropriate judgment will enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
